IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| WADE ALAN GRIFFIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-cv-192 |
| | § | |
| | § | JURY DEMANDED |
| | § | |
| ATLAS ROOFING CORPORATION | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Wade Alan Griffin hereby files this, his Original Complaint, against Defendant Atlas Roofing for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Wade Alan Griffin ("Plaintiff" or "Griffin") is currently a citizen and resident of Simms, Texas.

2. Defendant Atlas Roofing Corporation ("Atlas" or "Defendant") is a foreign corporation licensed to do business in Texas. Defendant's East Texas offices are located at 1100 E Georgia Pacific Dr., Daingerfield, TX 75638. Defendant Atlas Roofing will be served by and through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

4. Most of the acts alleged herein occurred in Morris County, Texas.

## II. FACTUAL BACKGROUND

5. Plaintiff was employed by Defendant as a Maintenance Supervisor. He was hired August 1, 2019 and was terminated on October 15, 2020.

6. On October 1, 2020, Plaintiff took leave under the Family Medical Leave Act for the birth of a child, when the birthmother was to be induced. The birthmother was not induced on that day due to a high fever and suspected Covid-19 diagnosis. Plaintiff did not return to work on October 2, 2020 since he was caring for the birthmother. Plaintiff was off work for approximately one week and returned to work.

7. On October 15, 2020, Plaintiff received a call from human resources stating he was terminated due to his alleged violation of the company's 'no call/no show' policy during his protected FMLA leave.

8. Prior to Plaintiff's termination by Defendant, he had worked for Defendant for more than twelve (12) months, and for more than 1,250 hours during that twelve-month period.

9. Defendant employed, and continues to employ, fifty or more persons at, or within a seventy-five (75) mile radius of, the location where Plaintiff worked.

10. Plaintiff had not taken twelve (12) weeks of off work for a serious health condition, or otherwise, during the twelve-month period prior to (a) the onset of her serious health condition, or (b) the time of his termination.

## III. CAUSES OF ACTION

### FAMILY MEDICAL LEAVE ACT VIOLATION

11. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 10 as if fully stated herein.

12. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et. seq.

13. Defendant is an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4).

14. During the time that Plaintiff was employed by Defendant, in 2019-2020, he was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

15. While Plaintiff was employed by Defendant, Plaintiff took leave for the birth of a child under the FMLA.

16. Plaintiff was entitled to medical leave for the birth of a child as provided for in the FMLA (29 USC 2612(a)(1))

17. Prior to exhausting the twelve (12) weeks of medical leave allowed under the FMLA (as discussed in 29 U.S.C. § 2612(a)(1)), Defendant terminated Plaintiff's employment for taking this leave.

18. Defendant failed to restore Plaintiff back to his position following his FMLA leave.

19. In the alternative, Defendant terminated for absences which were covered by his protected FMLA leave.

20. In the alternative, Defendant retaliated against Plaintiff for taking protected FMLA leave.

21. As a result of Defendant's violations of the FMLA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

22. As a result of this willful violation of the FMLA, Plaintiff requests that he be awarded all damages, to which he is entitled, as outlined in 29 U.S.C. § 2617, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest.  In addition, Plaintiff requests liquidated damages equal to the amount of reimbursable compensation described above.  Plaintiff also requests any additional equitable relief to which he is entitled.

23. Plaintiff also requests reasonable attorney's fees and court costs.

## IV.     JURY DEMAND

24.     Plaintiff requests trial by jury on all claims.

## V.     PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a.  Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), amount to be determined;

b.  Judgment against Defendant for liquidated damages for the maximum amount allowed by law, including doubling of all back pay awarded;

c.  An order that Defendant take such other and further actions as may be necessary to redress Defendants' violation of the FMLA;

d.  Pre-judgment and post-judgment interest at the maximum amount allowed by law;

e.  Costs of suit, including attorney's fees;

f.  The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone and Fax

ATTORNEY FOR PLAINTIFF